IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY ANN MCVEIGH, | ) | No. 3:22-CR-53-KAC-JEM |
| PORTIA LYNN WILLIAMS, | ) | |
| NICOLE ANN GIBSON, and | ) | |
| HAROLD DAVID SPEARS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This case came before the undersigned on July 12, 2022, for a combined telephonic and in-person hearing on Defendant McVeigh's Motion to Continue Trial and All Other Deadlines [Doc. 33] and Defendant Williams's Motion to Continue Trial and Associated Deadlines [Doc. 34], both filed on June 28, 2022. Assistant United States Attorney Alan S. Kirk appeared in person on behalf of the Government. Attorney Forrest L. Wallace appeared by telephone on behalf of Defendant McVeigh. Attorney David M. Eldridge appeared by telephone on behalf of Defendant Williams. Attorney Jamie Poston Hughes appeared in person on behalf of Defendant Gibson. Attorney Mark E. Brown appeared by telephone on behalf of Defendant Spears.

In her motion [Doc. 33], Defendant McVeigh asks the Court to continue the August 9, 2022, trial in this matter and all other deadlines. Defendant McVeigh states that discovery in this drug conspiracy case is voluminous, comprising of over 930 gigabytes, and it includes wiretap

records, controlled-buy videos and documents, banking records, cell phone extractions, search warrants, postal records, and other law enforcement documents. Counsel for Defendant McVeigh needs more time to investigate the circumstances surrounding this case, determine whether pretrial motions are necessary, review discovery, and confer with his client to decide what, if any, pretrial motions should be filed. Counsel also states he has a heavy case load at this time. He further submits that the request for a continuance has been discussed with Defendant McVeigh and she understands that a continuance will affect the computation of time under the Speedy Trial Act and that she will remain detained. In the motion, Defendant McVeigh represents that the Government does not oppose the requested continuance.

Defendant Williams requests a continuance of the trial and other deadlines in this matter for many of the same reasons presented by Defendant McVeigh [Doc. 34]. Counsel for Defendant Williams needs more time to review discovery in this matter, which exceeds 1.5 terabytes of data, given other client obligations since counsel's receipt of the discovery. In addition, counsel for Defendant Williams needs additional time to determine appropriate pretrial motions that should be filed, prepare and file those motions, and prepare for trial. In the motion, Defendant Williams represents that the Government does not oppose the requested continuance.

At the hearing, counsel for Defendant McVeigh and counsel for Defendant Williams stated that they relied upon on their motions as grounds for a continuance. Defendant Gibson stated through counsel that she does not oppose the requests for a continuance, and she requested permission to join in the motions. Defendant Spears stated through counsel that he does not oppose the requests for a continuance. The Government confirmed that it does not oppose the requests for continuance. The parties also agreed to a new trial date of April 18, 2023.

The motions for continuance [Docs. 33 & 34] are well taken and unopposed. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court also finds a trial continuance is necessary to provide defense counsel more time to investigate the circumstances surrounding this case, determine whether pretrial motions are necessary, review discovery, and confer with Defendants. All of this cannot occur before the August 9, 2022, trial date. Furthermore, Defendant Gibson made her appearance in this matter on the same day as the hearing on the motions to continue, July 12, 2022, and she will likely need more time to prepare this matter for trial [*See* Doc. 35]. Accordingly, a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant McVeigh's Motion to Continue Trial and All Other Deadlines [**Doc. 33**], Defendant Williams's Motion to Continue Trial and Associated Deadlines [**Doc. 34**], and Defendant Gibson's oral motion to join the motions to continue are **GRANTED.** The trial of this case is reset to **April 18, 2023**. The Court finds that all the time between the filing of the motions on **June 28, 2022**, and the new trial date of **April 18, 2023**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant McVeigh's Motion to Continue Trial and All Other Deadlines [**Doc. 33**], Defendant Williams's Motion to Continue Trial and Associated Deadlines [**Doc. 34**], and Defendant Gibson's oral motion to join the motions to continue are **GRANTED**;

(2) The trial of this case is reset to commence on **April 18, 2023**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motions on **June 28, 2022**, and the new trial date of **April 18, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **September 19, 2022**, and responses will be due **October 3, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **March 17, 2023**;

(6) Motions *in limine* are due on or before **April 3, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **April 10, 2023, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 7, 2023.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge